IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO.:

**LIVING WELL STORES, INC.**, a Delaware corporation,

    Plaintiff,

v.

**HV SUPPLY, LLC**, an Ohio domestic limited liability Company and **HOVHANNES DERVISHYAN**, an Individual,

    Defendants.
_____/

## COMPLAINT

COMES NOW, Plaintiff, LIVING WELL STORES, INC., (hereinafter, "Living Well" or "Plaintiff"), with its principal place of business in Florida, sues Defendant, HV SUPPLY, LLC, an Ohio domestic limited liability company, (hereinafter, "HV Supply") and HOVHANNES DERVISHYAN, (hereinafter "Dervishyan"), an individual (hereinafter collectively "Defendants"), and alleges as follows:

## INTRODUCTION

1. This is a civil action for infringement of Plaintiff's federally registered trademark under Section 32 of the Lanham Act, 15 U.S.C. § 1114, for unfair

competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for unfair competition under the common law, arising from Defendants' unauthorized use of Plaintiff's Living Well Marks, discussed in detail below, in connection with the marketing and/or selling of medical mobility products and their associated warranties. As set forth below, through their continued use of the Living Well Marks, Defendants have willfully infringed Plaintiff's federally registered trademark and unfairly competed with Plaintiff. These activities will continue unless enjoined by this Court.

## PARTIES

2. Plaintiff is a for profit corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Duval County, Florida.

3. Upon information and belief, Defendant, HV SUPPLY, is an Ohio limited liability company with its principal place of business at 6573-F Cochran Rd, Solon, OH 44139. *See* Exhibit "A."

4. Upon information and belief, Defendant, Dervishyan, is President of Defendant HV Supply and resides at 3082 Willowbrook Drive, Aurora, OH 44202. *Id.*

## JURISDICTION

5. This Court has jurisdiction over the parties and the subject matter of this action pursuant to 15 U.S.C §1121, Florida's long arm-statute, Fla. Stat. § 48.193(1)(a)(2), and 28 USC §1331, §1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367 because the common law claim alleged is related to the federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Specifically, Defendants have sold and, upon information and belief, continue to sell products, using the Living Well Marks, into the State of Florida, such as, but not limited to, Duval County and Flagler County.

7. Venue is proper under 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to these claims occurred in this district, and under 28 U.S.C. §1391(b)(3), in that Defendants are subject to personal jurisdiction in this district with respect to this action.

## TRADEMARKS AT ISSUE

8. Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 3800208 "VIDACURA & Design" and pending Trademark Application, Serial No. 97433121 "LIVING WELL STORES" on the Principal Register in the United States Patent and Trademark Office (collectively hereinafter "Living Well Marks")

9. Registration No. 3800208 is registered for use in connection with:

"Electromedical rehabilitative and pain management products for clinical and home use, namely, electrical nerve and muscle stimulators, ultrasonic stimulators, magnet therapy stimulators and laser therapy stimulators; Exercise machines for therapeutic purposes; Medical diagnostic apparatus, analytical apparatus for medical purposes and blood pressure measuring apparatus; Medical test kits for diabetes monitoring for home use; Physical exercise apparatus, for medical purposes; Walking aids" in International Class 10 and U.S. classes 26,39, and 44.

10. Attached as Exhibit "B" is a true and correct copy of the registration certificate for Plaintiff's United States Trademark Registration No. 3800208, which was issued by the United States Patent and Trademark Office ("USPTO") on June 8, 2010.

11. The registration of the VIDACURA & Design Mark is prima facie evidence of the Mark's distinctiveness and validity and of Plaintiff's exclusive right to use the Mark in connection with the goods recited in the registration. *See* 15 U.S.C. §§ 1507(b), 1115(a) (2006).

12. Plaintiff possesses all rights, title, and interest in and to the common law rights subsisting in Plaintiff's VIDACURA & Design Mark based on continuous use in U.S. commerce by Plaintiff since as early as 2010 in connection with various medical mobility products and their associated warranties.

13. Serial No. 9743313 is pending approval for use in connection with "Retail and online retail store services featuring furniture" in International Class 35 and U.S. classes 100,101, and 102.

14. Attached as Exhibit "C" is a true and correct copy of Plaintiff's specimen submitted for Plaintiff's pending Trademark Application, Serial No. 97433121, which was submitted to the USPTO on May 27, 2022 and identifies a date of first use in commerce of January 11, 2018.

15. Plaintiff possesses all rights, title, and interest in and to the common law rights subsisting in Plaintiff's LIVING WELL STORES Marks based on continuous use in U.S. commerce by Plaintiff since as early as 2018 in connection with various medical mobility products and their associated warranties.

## RELEVANT FACTS

16. Plaintiff was founded over 17 years ago with the goal of selling and providing quality medical mobility products, such as medical scooters and electric wheelchairs, to those in need.

17. Plaintiff has grown to become one of the largest national online dealers for other reputable companies such as Pride Mobility and Drive Medical.

18. Today, Plaintiff's medical mobility products are known for their quality and have become synonymous with Plaintiff and its Living Well Marks.

19. Because Plaintiff stands behind its quality product, about eight years

ago, Plaintiff began offering an exclusive five-year warranty service with all the products it sells.

20. In response to the ever-increasing demand for Plaintiff's products, Plaintiff has expanded to include selling its products on-line at livingwellstores.com, walmart.com, and amazon.com of which amazon.com has become Plaintiff's largest sales channel.

21. Plaintiff has a collection of amazon.com products pages which it utilizes to sell its high-quality products and promote its exclusive five-year warranty.

22. In November 2023, in an attempt to siphon and steal the goodwill that Plaintiff has built over the past decade, Defendants, individually and/or collectively, or through their agents, began aggressively using the Living Well Marks on Defendants' amazon.com product page including claiming to offer products with Plaintiff's warranty.

23. However, Defendants' products do not include Plaintiff's warranty nor does Plaintiff have any licensing agreement or affiliation with Defendants.

24. Because of the blatantly false advertising and willful use of Plaintiff's goodwill to solicit business, customers have confusingly purchased Defendants' goods thinking they purchased Plaintiff's goods.

25. Because of Defendants' fraudulent actions, Plaintiff has received many calls from Defendants' customers who thought they were purchasing Plaintiff's

products with the exclusive five-year warranty only to find out that they had been duped by Defendants into buying Defendants' products that do not include Plaintiff's exclusive five-year warranty.

26. Given Defendants, individually and/or collectively, or through their agents, trademark infringement and unfair competition of Plaintiff's Living Well Marks, Plaintiff, via counsel, sent a cease-and-desist letter to Defendants apprising them of Plaintiff's superior and exclusive rights to the Living Well Marks, as well as Defendants' fraudulent claim of selling Plaintiff's five-year extended warranty with Defendants' products. A true and correct copy of the cease-and-desist letter sent to Defendants is attached hereto as Exhibit "D."

27. No response to the cease-and-desist letter was received from either Defendants by Plaintiff or its counsel.

28. To date, Defendants continue to, individually and/or collectively, or through their agents, advertise, market, and/or use the Living Well Marks in relation to their sale of medical mobility products including a misrepresentation of Plaintiff's exclusive five-year warranty on amazon.com, trading off of, and benefiting from, the reputation and goodwill Plaintiff has built in the Living Well Marks. *See, e.g.* Exhibit "E" attached, which shows true and accurate depictions of continued use by the Defendants of the Living Well Marks as of April 25, 2024.

29. Defendants' infringing acts as alleged herein not only are likely to cause

confusion, but may have already caused confusion, mistake, and deception amongst the relevant consuming public as to the source or origin of Defendants' products and/or services and unless stopped are likely to continue to deceive the relevant consuming public into believing, mistakenly, that Defendants' products and/or services originate from, are associated, or affiliated with, or otherwise authorized by Plaintiff.

30. Defendants' acts, individually and/or collectively, or through their agents, are willful with the deliberate intent to trade on the goodwill of Plaintiff's Living Well Marks, cause confusion and deception in the marketplace, and divert potential business from Plaintiff to Defendants.

31. Defendants' aforementioned unlawful acts have caused, and will continue to cause, damages and irreparable harm to Plaintiff and its Living Well Marks, and to the business and substantial goodwill represented thereby, and said acts would continue to damage Plaintiff unless restrained by this Court.

32. Plaintiff has no adequate remedy at law.

33. Plaintiff has retained the services of Beusse Sanks, PLLC and has agreed to pay the attorneys of the firm a reasonable fee.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
### 15 U.S.C. § 1114(a)

34. Plaintiff realleges and reincorporates the allegations set forth in paragraphs 1 through 33 as though fully set forth herein.

35. Defendants' unauthorized use, individually and/or collectively, or through their agents, in commerce of the VIDACURA & Design trademark and/or variations thereof as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' goods and services and is likely to cause consumers to believe, contrary to fact, that Defendants' goods and services are sold, authorized, endorsed, warrantied, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff. Defendants' conduct, therefore, constitutes trademark infringement, either through direct infringement, contributory infringement, or vicarious infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

36. Defendants, individually and/or collectively, or through their agents, have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights of the VIDACURA & Design trademark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

37. Defendants' conduct is causing immediate and irreparable harm and injury, including advertising injury, to Plaintiff and its goodwill and reputation and

will continue to damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

38. Further, Defendants' advertising of the VIDACURA & Design trademark is causing immediate and irreparable harm and injury to Plaintiff and its goodwill and reputation and will continue to damage Plaintiff and confuse the public unless enjoined by this Court. Plaintiff has no adequate remedy at law.

39. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and cost of the action Under Section 43 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117.

## COUNT II
## FEDERAL UNFAIR COMPETITION
### 15 U.S.C. § 1125(a) – Lanham Act §43(a)

40. Plaintiff realleges and reincorporates the allegations set forth in paragraphs 1 through 33 as though fully set forth herein.

41. Plaintiff's VIDACURA & Design Mark is entitled to protection under Section 43(a) of the Lanham Act.

42. Defendants' unauthorized continued use and promotion, individually and/or collectively, or through their agents, of the VIDACURA & Design Mark is confusingly similar, if not identical, to Plaintiff's VIDACURA & Design Mark, and is being used to identify Defendants' goods and services willfully. Defendants' acts

are intended to cause and are likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association between Plaintiff and Defendants, or as to the origin, sponsorship, or approval by Plaintiff of Defendants' goods and services.

43. Defendants' unauthorized continued use of the VIDACURA & Design Mark is confusingly similar, if not identical, to Plaintiff's VIDACURA & Design Mark and constitutes a false description of the origin, false or misleading description of fact, or false or misleading representation of fact as those terms are used in Section 43(a) of the Lanham Act.

44. Defendants conduct, individually and/or collectively, or through their agents, as alleged herein constitutes unfair competition of at least either direct, contributory, or vicarious liability for unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

45. Plaintiff has been damaged by Defendants' conduct and will suffer irreparable harm.

46. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117.

## COUNT III
## FEDERAL UNFAIR COMPETITION
### 15 U.S.C. § 1125(a) – Lanham Act §43(a)

47. Plaintiff realleges and reincorporates the allegations set forth in paragraphs 1 through 33 as though fully set forth herein.

48. Plaintiff's LIVING WELL STORES Mark is entitled to protection under Section 43(a) of the Lanham Act.

49. Defendants' unauthorized continued use and promotion, individually and/or collectively, or through their agents, of the LIVING WELL MARK is confusingly similar, if not identical, to Plaintiff's LIVING WELL MARK, and is being used to identify Defendants' goods and services willfully. Defendants' acts are intended to cause and are likely to cause confusion or mistake or to deceive as to the affiliation, connection, or association between Plaintiff and Defendants, or as to the origin, sponsorship, or approval by Plaintiff of Defendants' goods and services.

50. Defendants' unauthorized continued use of the LIVING WELL MARK is confusingly similar, if not identical, to Plaintiff's LIVING WELL MARK and constitutes a false description of the origin, false or misleading description of fact, or false or misleading representation of fact as those terms are used in Section 43(a) of the Lanham Act.

51. Defendants conduct, individually and/or collectively, or through their agents, as alleged herein constitutes unfair competition of at least either direct,

contributory, or vicarious liability for unfair competition, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

52. Plaintiff has been damaged by Defendants' conduct and will suffer irreparable harm.

53. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117.

**COUNT IV**
**COMMON LAW UNFAIR COMPETITION**

54. Plaintiff realleges and reincorporates the allegations set forth in paragraphs 1 through 33 as though fully set forth herein.

55. Plaintiff is the owner of the Living Well Marks at issue, including within the State of Florida.

56. Plaintiff's Living Well Marks are inherently distinctive.

57. Defendants are using, individually and/or collectively, or through their agents, the Living Well Marks in commerce, which is confusingly similar, if not identical, to Plaintiff's Living Well Marks, to identify similar goods and services marketed and sold by them, in competition with Plaintiff, in the same trade area where Plaintiff has established goodwill.

58. As a result of Defendants' actions, customer confusion is likely as to the source or sponsorship of Defendants' goods and services.

59. Plaintiff has been damaged by Defendants' aforementioned acts, which amount to at least direct liability for common law unfair competition.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays this Honorable Court to enter such preliminary and final orders and judgments as are necessary to provide Plaintiff with the following requested relief:

A. Permanent injunctive relief by enjoining Defendants, its officers, employees, and agents, and all persons or entities in active concert with them, from using, displaying, advertising, or selling their goods and/or services and/or warranties under, or from otherwise doing business under, the Living Well Marks and any other confusingly similar alternative or variation thereof.

B. Order the forfeiture and/or destruction of any medical mobility products, clothing, printed materials, store signage, advertisements, websites, or any other items or materials containing either one of the Living Well Marks and any variation of each of the Living Well Marks.

C. Order the removal of any and all advertisements, promotions, usernames, hashtags, and like content/material from all platforms accessible via the

Internet, under Defendants' operation or control, which feature the Living Well Marks or any similar variation.

      D.    Pay damages, actual and/or statutory, as permitted by applicable law, costs of the action, and for an award of attorneys' fees for a finding of an exceptional case, as required by law.

## DEMAND FOR JURY TRIAL

Plaintiff, by and through its undersigned attorneys, requests a trial by jury on all issues so triable.

Dated this 26th day of April 2024.

                **BEUSSE SANKS, PLLC**

                */s/Terry M. Sanks*
                **TERRY M. SANKS, ESQ.**
                Florida Bar No. 0154430
                **WILLIAM P. SEWELL, ESQ.**
                Florida Bar No. 1025701
                157 E. New England Avenue, Suite 375
                Winter Park, Florida 32789
                Telephone: (407) 644-8888
                Email: tsanks@firstiniplaw.com
                Email:  wsewell@firstiniplawcom
                ***Attorneys for Plaintiff Living Well Stores, Inc.***